513 P.2d 1337

Terry James **CULLINAN**, Petitioner,

v.

Hon. Manuel **AVALOS**, Justice of the Peace, Precinct Two, Pima County, Arizona; Hon. Robert B. Buchanan, Judge of the Superior Court, Pima County, Arizona; and William Coy Cox, Sheriff of Pima County, Arizona, Respondents;

**STATE** of Arizona, Real Party in Interest.

Gene **McGEORGE**, Petitioner,

v.

Hon. Manuel **AVALOS**, Justice of the Peace, Precinct Two, Pima County, Arizona; Hon. Robert B. Buchanan, Judge of the Superior Court, Pima County, Arizona; and William Coy Cox, Sheriff of Pima County, Arizona, Respondents;

**STATE** of Arizona, Real Party in Interest.

Nos. 2 CA–CIV 1517, 2 CA–CIV 1518.

Court of Appeals of Arizona, Division 2.

Sept. 20, 1973.

Ed Bolding, Pima County Public Defender by Frederick S. Klein, Asst. Public Defender, Tucson, for petitioner Cullinan.

Schorr, Karp & Corey, by Gerard Anderson, Tucson, for petitioner McGeorge.

Dennis DeConcini, Pima County Atty., Tucson, by Richard B. Arrotta, University of Arizona School of Law, under Rule 28(e) and L. Terry Grimble, Tucson, for real party in interest, State of Arizona.

HOWARD, Judge.

On September 9, 1973, petitioners were brought before a magistrate for an initial appearance on a felony criminal complaint filed against them. They requested a preliminary hearing as soon as practicable pursuant to Rule 5.1, subd. d, Rules of Criminal Procedure, 17 A.R.S., effective September 1, 1973. The magistrate set the preliminary hearing for September 10, 1973 at 4:00 p.m. in Justice Court Precinct Two and required as a condition for release a secured appearance bond in the amount of $2,000 plus a $200 penalty assessment.

At the time set for the preliminary hearing, petitioners appeared before the respondent justice of the peace. Also present were the prosecutor, defense counsel, the sole witness for the state and the court reporter. The hearing commenced with the state's witness taking the stand and two questions were asked—his name and occupation. After the witness responded to these questions, the court, without a request therefor or any showing of cause for continuance, *sua sponte* declared a recess and continued the proceeding to September 14, 1973. No objection to the continuance was made but counsel for petitioner Cullinan requested reduction of the bond to which the court responded:

"THE COURT: I don't know. The bond, Sir, is twenty-two thousand dollars. I just placed the bond when the formal complaint was given to me by

Mr. Escaville, and after listening to him, I set the bond at twenty-two thousand dollars."

In response to a question by counsel for petitioner McGeorge as to whether they were "operating under the new rules," the court responded "absolutely." Counsel then pointed out that he was not aware that the requirements of Rule 7.2, subd. c[1] had been complied with but the court responded "I stand at recess on the matter, Sir."

The following day a petition for habeas corpus relief was filed in superior court alleging illegal detention because of noncompliance with Rule 5.1, subd. d, Rules of Criminal Procedure. The petition did not raise any question as to the propriety of the increase in bail. The court heard the habeas corpus matter on September 12th and refused to release the petitioners from custody. A request for reduction of bond was likewise denied.

Petitioners claim that Rules 5.1, subd. d and 7.4, subd. c were not complied with but we are of the opinion that their failure to properly raise these objections in the justice court precludes appellate intervention. However, in view of the importance of the questions raised by these special actions, particularly in view of the newness of the Criminal Rules, and in the interest of avoiding future problems of interpretation, we deem it appropriate to resolve them and therefore assume jurisdiction.

We disapprove of the manner in which the new rules were interpreted by the justice of the peace. Rule 1.1 provides for their application to *all* courts and their

---

1. Rule 7.2 provides in part:
   Right to Release.
   (a.) Before Conviction. Any person charged with an offense bailable as a matter of right shall be released pending or during trial on his own recognizance, unless the court determines, in its discretion, that such a release will not reasonably assure his appearance as required. If such a determination is made, the court may impose the lease onerous con-

dition or conditions contained in Rule 7.3(b) which will reasonably assure his appearance.
   *    *    *    *    *
   (c.) Burden of Proof. Issues under Rules 7.2(a) and (b) shall be determined by the preponderance of the evidence. The prosecutor shall bear the burden of establishing factual issues under Rule 7.2(a), the defendant under Rule 7.2(b).

purpose and construction is set forth in Rule 1.2:

"These rules are intended to provide for the just, speedy determination of every criminal proceeding. They shall be construed to secure simplicity in procedure, fairness in administration, the elimination of unnecessary delay and expense, and to protect the fundamental rights of the individual while preserving the public welfare."

 Rule 5.1, subd. a mandates that a preliminary hearing commence not later than six days following his initial appearance if, as here, the defendant is in custody. Although this rule sets the outer limits for "commencement" of the hearing, the spirit of the new rules is not *ipso facto* satisfied by compliance with Rule 5.1, subd. a when a defendant has invoked Rule 5.1, subd. d which states:

"Demand for Hearing. A defendant who is in custody may demand that the preliminary hearing be held as soon as practicable, whereupon the magistrate shall commence the hearing forthwith with only such delay as is necessary to secure the attendance of counsel, court reporter and necessary witnesses."

The record here reflects that the petitioners demanded that the preliminary hearing be held as soon as practicable and the magistrate presiding at their initial appearance determined that the following day at 4:00 p.m. was practicable. At the time set, all the requisite persons whose absence would justify a delay were present. There is nothing to indicate that it was not "practicable" to commence the hearing and in fact it did commence. We agree that the rules do not intend that a preliminary hearing must be completed within the time prescribed in Rule 5.1, subd. a. We do not, however, believe that the mandate of Rule 5.1, subd. d is satisfied as to commencement forthwith by merely commencing the hearing and then, with no apparent justification continuing it to a future date within the six-day requirement of Rule 5.1, subd. a. To permit such over-literal construction of Rule 5.1, subd. d would be tantamount to paying lip service to it and would subvert the very purpose of the new rules.

As to the problem of the increase in bail, we agree with petitioners that any modification by the court, on its own initiative, cannot be effected without affording an opportunity to be heard. Under the predecessor rule as to increase or reduction of bail, the court was not required to give notice to a defendant. See 1956 Arizona Rules of Criminal Procedure, as amended, Rule 60. Rule. 7.4, subd. c has changed this:

"Amendment of Conditions. The court before which a criminal case is pending may, on its own initiative, at any time modify the conditions of release, after giving the parties an opportunity to respond to the proposed modification."

As noted above, appellate intervention in the petitioners' cases is not required.

Relief denied.

HATHAWAY, C. J., and KRUCKER, J., concur.